UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-14267-CIV-GRAHAM
MAGISTRATE JUDGE P. A. WHITE

GLENN SMITH,                          :

    Plaintiff,                    :

v.                                    :       REPORT OF
                                              MAGISTRATE JUDGE
JAMES MCDONOUGH, ET AL.,              :

    Defendants.                   :
_____

## I. Introduction

The plaintiff Glenn Smith, currently incarcerated at the Martin Correctional Institution ("MCI"), has filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983 concerning events that occurred at the Okeechobee Correctional Institution ("OCI"). [DE# 1]. The plaintiff has been granted leave to proceed in forma pauperis.

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915.

## II. Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

    Sec. 1915 Proceedings in Forma Pauperis

              * * *

> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> \* \* \*
>
> (B) the action or appeal –
>
> \* \* \*
>
> (i)  is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief from a defendant who is immune from such relief.

The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  When reviewing complaints pursuant to 28 U.S.C. §1915(e)(2)(B), the Court must apply the standard of review set forth in Fed.R.Civ.P. 12(b)(6), and the Court must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom.  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).  An action is

considered "frivolous" if it is "without arguable merit either in law or fact."  Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). Although a plaintiff is not held to a very high standard in a motion to dismiss for failure to state a claim, the federal rules do require "a short and plain statement" of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  See Fed.R.Civ.P. 8(a); Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11 Cir. 2001), cert. denied, 534 U.S. 1129 (2002).  While notice pleading does not require the complainant to allege a fact to cover every element of a claim, "it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  Id. (quotations and citations omitted).  "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11 Cir. 1998).

    A.   Statement of Claims

The plaintiff names the following defendants:

1.   Florida Department of Corrections Secretary James R. McDonough (in his official capacity)
2.   OCI ARNP J. Wade
3.   OCI Sergeant Scott Murphy

    4.   OCI Major T. Sheffield

The plaintiff raises the following allegations. On July 21, 2004, an unidentified Okeechobee County Deputy Sheriff hit the plaintiff at the Okeechobee County Courthouse, and he suffered a broken pelvis. The plaintiff returned to OCI and was placed in the infirmary. On August 2, 2004, Wade had the plaintiff practice walking with a walker. On August 4, 2004, despite still experiencing severe pain and the inability to walk without assistance, Wade determined that the plaintiff was ready to be reinstated in the general population. A nurse told the plaintiff to leave the infirmary, but he refused. Murphy and another officer came to the infirmary, and Murphy ordered him to get out of bed and leave. The plaintiff refused, and Sheffield came to the infirmary. Sheffield ordered the plaintiff to administrative confinement for disobeying the order to leave the infirmary. Murphy issued a disciplinary report, served on the plaintiff on August 11, 2004. On August 12, 2004 a disciplinary hearing was held and he was sentenced to 30 days in disciplinary confinement. All appeals were denied. The plaintiff states that he received minimal medical attention while in the confinement cell.

The plaintiff alleges that the August 4, 2004 disciplinary report should be overturned for the following reasons:

1. The institutional appeal was signed by the wrong prison official, in violation of the Florida Administrative Code.

2. The written decision was legally insufficient because it did not state whether it was determined that the order given was legal, it disregarded exculpatory evidence, it was contrary to the weight of the evidence, and no reasons were provided for the punishment ordered.

3.  The plaintiff was denied due process due to a lack of investigation and failure of Wade to answer interrogatories, and the inability to call Sheffield and Murphy as witnesses.

4.  The disciplinary report was issued in retaliation for the plaintiff's exercise of his First Amendment rights to freedom of speech, redress of grievances and access to the courts, and there was no legitimate penological reason for removing the plaintiff from the infirmary. The plaintiff states that Wade is a defendant in a pending civil rights action filed in March, 2004 and Murphy is a defendant in a pending civil rights action filed in September, 2003. The plaintiff alleges that retaliation can be "inferred" because the August 4, 2004 disciplinary report was issued after he filed the two federal lawsuits.

The plaintiff seeks declaratory and injunctive relief against McDonough insofar as the DOC "disobeying order" rule, Fla. Admin. Code R. 33-601.314 section 6-1 is unconstitutional on its face and as applied to the plaintiff, and the disciplinary report dated August 4, 2004 violated the plaintiff's First Amendment right to be free from retaliation and the plaintiff's right to due process. The plaintiff argues that the "disobeying order" rule is unconstitutionally vague and overbroad, and violates his right to substantive due process, and DOC officials use the rule to arbitrarily punish and suppress First Amendment rights without any consideration of whether the order at issue is legal, reasonable or with a legitimate penological interest.

The plaintiff also alleges that Wade, Murphy and Sheffield were deliberately indifferent to his serious medical needs when they removed him from the infirmary.

### Retaliatory Disciplinary Report

The plaintiff alleges that Wade, Murphy and Sheffield violated his First Amendment rights by retaliating against him for filing lawsuits and grievances against them. The plaintiff alleges specifically that Wade is a defendant in a pending civil rights action filed in March, 2004 and Murphy is a defendant in a pending civil rights action filed in September, 2003. The plaintiff alleges that retaliation can be "inferred" because the August 4, 2004 disciplinary report was issued after he filed the two federal lawsuits. The plaintiff does not explain why Sheffield would have any motivation to retaliate against him.

Retaliation by prison officials against an inmate for filing administrative grievances is cognizable in a civil rights suit for damages. Wildberger v. Bracknell, 869 F.2d 1467 (11 Cir. 1989). Under certain circumstances, such retaliation may violate the inmate's First Amendment rights. Wright v. Newsome, 795 F.2d 964, 968 (11 Cir. 1986).

In the "free world" context, an act taken in retaliation for exercise of a constitutionally protected right is actionable under §1983 even if the act, when taken for different reasons, would have been proper. Adams v. James, 797 F.Supp. 940, 948 (M.D. Fla. 1992) (citing Mount Healthy City School Dist. Bd. of Education v. Doyle, 429 U.S. 274, 283 (1977)). A claim of retaliation is a question of causation, and the test applied in the "free world" context is a "but for" analysis. Adams, supra, 797 F.Supp. at 948 ("but for" the retaliatory motive, the incidents to which the plaintiff refers would not have taken place).

Certain means of "retaliation" may be so de minimis as not to inhibit or punish an inmate's rights of free speech. Many verbal

responses by officials of resentment or even ridicule would fall into this safe harbor of permitted response.  Borrowing from Johnson v. Glick, 481 F.2d 1028, 1033 (2 Cir.), cert. denied sub nom. Employee-Officer John, # 1765 Badge Number v. Johnson, 414 U.S. 1033 (1977), Graham v. Connor, 490 U.S. 386, 396 (1989), notes that "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers" violates the Fourth Amendment.  Similarly, not every unnecessary statement of a prison guard regarding an inmate's exercise of free speech violates the First Amendment.  By developing a standard of de minimis actions, courts can screen out frivolous or non-meritorious claims of retaliation during the in forma pauperis complaint review under 28 U.S.C. § 1915.  In other words, the plaintiff must demonstrate that he suffered more than a de minimis inconvenience. American Civil Liberties Union of Maryland v. Wicomico County, 999 F.2d 780, 786 (4 Cir. 1993); see also Bart v. Telford, 677 F.2d 622, 625 (7 Cir. 1982)("It would trivialize the First Amendment to hold that harassment for exercising the right of free speech [is] always actionable. . . .").

      Here, the plaintiff admittedly refused to comply with the verbal order to leave the infirmary.  Despite the plaintiff's argument that he had a legitimate medical reason to remain in the infirmary, there is no dispute that the defendants specifically issued a verbal order and the plaintiff intentionally disobeyed the order.  Hence, the plaintiff's argument that the disciplinary report was retaliatory has no merit, and the plaintiff fails to raise facts to show that there was a causal link between the alleged First Amendment activity and the issuance of the valid disciplinary report.  It is thus recommended that the claim that the disciplinary report was retaliatory be dismissed.

<u>Challenge to Disciplinary Proceedings</u>

The plaintiff alleges that he was denied due process in connection with his disciplinary proceedings at OCI.

The plaintiff has stated no due process claim based on any improprieties in his disciplinary hearing that resulted in 30 days of isolation and no loss of gain time. A prisoner, "who has already been deprived of liberty, can be deprived further of his liberty, such that due process is required, when (1) a change in the prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court, or (2) when the government has consistently bestowed a certain benefit to prisoners, usually through statute or administrative policy, and the deprivation of that benefit imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.  Kirby v. Siegelman, 195 F.3d 1285, 1290-91 (11 Cir. 1999); Thomas v. Warner, 2007 WL 1600050 (11 Cir. June 05, 2007). The plaintiff's 30 days in isolation was not an excessive, atypical or significant hardship that would implicate the Due Process Clause. See Sandin v.. Conner, 515 U.S. 472 (1995); Rodgers v. Singletary, 142 F.3d 1252, 1253 (11 Cir. 1998).  The plaintiff's due process claim should therefore be dismissed.

## Constitutionality of Prison Rule

The plaintiff alleges that the Florida Department of Corrections rule, Fla. Admin. Code R. 33-601.314, which forbids inmates from disobeying verbal or written orders of corrections officials, is unconstitutionally vague and overbroad.

The Undersigned finds no constitutional infirmities in the challenged Department of Corrections rule. Preserving institutional order and discipline may require prison officials to adopt rules or policies that limit or reduce the constitutional rights retained by prisoners. Prison rules may burden inmates' constitutional rights when they are reasonably related to a legitimate penological interest. Turner v. Safley, 482 U.S. 78, 89 (1987). Prison officials have wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. Wilson v. Blankenship, 163 F.3d 1284 (11 Cir. 1998). There is no question that a rule requiring inmates to comply with the verbal and written orders of prison officials is essential to operation of the states's prisons, and is absolutely necessary to preserve internal order and discipline and to maintain institutional security. It is recommended that this claim be dismissed.

### Denial of Medical Care

The Eighth Amendment prohibits any punishment which violates civilized standards of decency or "involve[s] the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 102-03 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173(1976)); see also Campbell v. Sikes, 169 F.3d 1353, 1363 (11 Cir. 1999). "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" McElligott v. Foley, 182 F.3d 1248, 1254 (11 Cir. 1999) (citation omitted). An Eighth Amendment claim contains both an objective and a subjective component. Taylor v. Adams, 221 F.3d 1254, 1257 (11 Cir. 2000); Adams v. Poag, 61 F.3d 1537, 1543 (11 Cir. 1995). First, a plaintiff must set forth evidence of an objectively serious medical need. Taylor, 221 F.3d at 1258; Adams, 61 F.3d at 1543. Second, a plaintiff must prove that the prison

9

official acted with an attitude of "deliberate indifference" to that serious medical need. McElligott, 182 F.3d at 1254; Campbell, 169 F.3d at 1363. The objective component requires the plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981); see also Hudson v. McMillian, 503 U.S. 1, 8-9 (1992).

A serious medical need is considered "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11 Cir. 1994) (quotation marks and citation omitted). The subjective component requires the plaintiff to demonstrate that the prison officials acted wantonly, with deliberate indifference to the plaintiff's serious needs. See Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 298-99 (1991). Deliberate indifference is the reckless disregard of a substantial risk of serious harm; mere negligence will not suffice. Id. at 835-36. Consequently, allegations of medical malpractice or negligent diagnosis and treatment fail to state an Eighth Amendment claim of cruel and unusual punishment. See Estelle, 429 U.S. at 106. The inadvertent or negligent failure to provide adequate medical care "cannot be said to constitute 'an unnecessary and wanton infliction of pain.'" Estelle, 429 U.S. at 105-06; Wilson, 501 U.S. at 298.

The Eleventh Circuit has provided guidance concerning the distinction between "deliberate indifference" and "mere negligence." For instance, "an official acts with deliberate indifference when he knows that an inmate is in serious need of medical care, but he fails or refuses to obtain medical treatment for the inmate." Lancaster v. Monroe County, 116 F.3d 1419, 1425

(11 Cir. 1997). The "deliberate indifference" standard may be met in instances where a prisoner is subjected to repeated examples of delayed, denied, or grossly incompetent or inadequate medical care; prison personnel fail to respond to a known medical problem; or prison doctors take the easier and less efficacious route in treating an inmate. See, e.g., Waldrop v. Evans, 871 F.2d 1030, 1033 (11 Cir. 1989).

Allegations that raise only claims of mere negligence, neglect, or medical malpractice are insufficient to recover on a §1983 claim. Estelle v. Gamble, supra. In fact, once an inmate has received medical care, courts are hesitant to find that an Eighth Amendment violation has occurred. Hamm, supra. Treatment violates the Eighth Amendment only if it involves "something more than a medical judgment call, an accident, or an inadvertent failure," Murrell v. Bennett, 615 F.2d 306, 310 n. 4 (5 Cir. 1980). It must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Rogers v. Evans, supra at 1058.

Moreover, the Courts have long recognized that a difference of opinion between an inmate and the prison medical staff regarding medical matters, including the diagnosis or treatment which the inmate receives, cannot in itself rise to the level of a cause of action for cruel and unusual punishment, and have consistently held that the propriety of a certain course of medical treatment is not a proper subject for review in a civil rights action. Estelle v. Gamble, supra, at 107 ("matter[s] of medical judgment" do not give rise to a §1983 claim). See Ledoux v. Davies, 961 F.2d 1536 (10 Cir. 1992) (inmate's claim he was denied medication was contradicted by his own statement, and inmate's belief that he needed additional medication other than that prescribed by treating physician was insufficient to establish constitutional violation);

11

Ramos v. Lamm, 639 F.2d 559, 575 (10 Cir. 1980) (difference of opinion between inmate and prison medical staff regarding treatment or diagnosis does not itself state a constitutional violation), cert. denied, 450 U.S. 1041 (1981); Smart v. Villar, 547 F.2d 112, 114 (10 Cir. 1976) (same); Burns v. Head Jailor of LaSalle County Jail, 576 F.Supp. 618, 620 (N.D. Ill., E.D. 1984) (exercise of prison doctor's professional judgment to discontinue prescription for certain drugs not actionable under §1983).

1. Serious Medical Need

The plaintiff has sufficiently alleged that he had a serious medical need. The plaintiff has alleged that he had a broken pelvis, and thus his medical need constitutes a need "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill, 40 F.3d at 1187. As the plaintiff has demonstrated a serious medical need, the analysis can continue to determine whether the plaintiff has sufficiently alleged deliberate indifference.

2. Deliberate Indifference

The plaintiff alleges that the defendants acted with deliberate indifference by removing him from the infirmary. The plaintiff states that Wade made a medical decision that the plaintiff no longer needed to be in the infirmary. While the plaintiff may have had difficulty walking upon his dismissal from the infirmary, which was no doubt frustrating and painful, the plaintiff's detailed allegations do not evidence that any defendant

12

acted with deliberate indifference to his serious medical needs, which is a prerequisite to raising a constitutional claim. As discussed above, once an inmate has received medical care, courts are hesitant to find that an Eighth Amendment violation has occurred. The plaintiff states that he received medical care for his broken pelvis. The plaintiff's allegations raise, at best, allegations of medical negligence, and disagreement with Wade's medical decision concerning his need to remain in the infirmary. The plaintiff has not adequately shown that any defendant acted with a culpable state of mind in denying or delaying medical care.

### III. Conclusion

It is therefore recommended that the Complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted, and the case be closed.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 23rd day of October, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Glenn Smith, Pro Se
    DC# 880144
    Martin Correctional Institution
    1150 S.W. Allapattah Road
    Indiantown, FL 34956-4397